UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JASON K. MITHRANDIR,
a/k/a DAVID MARSH,

    Plaintiff,

v.                                       Case No. 2:91-cv-6
                                           HON. DOUGLAS W. HILLMAN

ROBERT BROWN, JR., et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

        Plaintiff prisoner Jason K. Mithrandir, a/k/a David Marsh, has filed a motion for contempt, arguing that defendants' successors have violated the injunction issued in this case. Defendants have filed a motion to terminate the injunction. In 1991, plaintiff sued former Michigan Department of Corrections Director Robert Brown, Jr., Marquette Branch Prison Warden John Hawley, and Marquette Branch Prison Assistant Deputy Warden Tom Laitinen. Plaintiff alleged that defendants refused to allow him to receive third class bulk mail, specifically a publication called "Factsheet Five" and catalogs from Samuel Weisner, Inc. The court enjoined defendants from rejecting or withholding plaintiff's mail based solely on postage rate and without regard to plaintiff's due process rights. The policy in effect at the time of the injunction is no longer used by the Michigan Department of Corrections. A new policy has been implemented which also allows for the rejection of third class bulk mail materials that are sent to prisoners from outside sources.

        Plaintiff is currently housed at the Mid-Michigan Correctional Facility. Plaintiff argues that Michigan Department of Corrections Director Patricia Caruso, St. Louis Correctional Facility Warden Blaine Lafler and St. Louis Correctional Facility Assistant Warden Vicki McCabe

violated the injunction by allowing his spiritual publications to be rejected with the third class bulk mail. Plaintiff asserts that this more recent rejection of his mail violated the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-3.

Plaintiff previously has unsuccessfully attempted to apply this injunction to other individuals who work for the Michigan Department of Corrections. In 1999, plaintiff filed a motion for contempt against claimed substituted defendants Michigan Department of Corrections Director Kenneth McGinnis and Southern Michigan Correctional Facility Warden Bruce Curtis and Assistant Deputy Warden Mary Jo Pass. This court denied plaintiff's motion. On appeal the Sixth Circuit affirmed the denial, stating that plaintiff's claims involved different defendants and an alleged constitutional violation that occurred at a prison outside the Western District of Michigan. Further, the Sixth Circuit concluded that new prison policies were implicated in the new claim.

Similarly, plaintiff has attempted to have the court find defendants' successors in contempt for enforcing entirely new prison policies. The only similarity between the current contempt proceeding and the original injunction is that both prisons lie within the Western District of Michigan. Plaintiff has also implicated an entirely new legal theory. Plaintiff's recourse, at this point, is not to seek enforcement of an injunction that is now obsolete in the face of prison policy changes, but to file a new separate lawsuit raising his new claims.

Defendants argue that the injunction should be terminated. 28 U.S.C. § 3626 provides that prospective injunctive relief shall be terminable with respect to prison conditions upon motion of any party or intervener–

> (i)  2 years after the date the court granted or approved the prospective relief;
>
> (ii)  1 year after the date the court has entered an order denying termination of prospective relief under this paragraph; or

>    (iii) in the case of an order issued on or before the date of enactment of the Prison Litigation Reform Act, 2 years after such date of enactment.

The injunctive relief provided for involved plaintiff's confinement at the Marquette Branch Prison and was imposed against defendants that either are not involved in plaintiff's current confinement or are retired from the Michigan Department of Corrections.  The policy that was in effect and enjoined as applied to plaintiff is no longer the Department's current policy on the issue.  Moreover, the Sixth Circuit has ruled that the Michigan Department of Corrections can prohibit the distribution of third class bulk mail, without regard to due process considerations, based upon security concerns. *Sheets v. Moore*, 97 F. 3d 164 (6th Cir. 1996).  The injunction is no longer necessary and, in the opinion of the undersigned, should be terminated.

Accordingly, it is recommended that plaintiff's motion for contempt (docket #82) be denied and defendants' motion to terminate the injunction (docket #86) be granted.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal of those issues or claims addressed or resolved as a result of the Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated:   September 16, 2005